# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARLON GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | 1:19CV1175 |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff brought this action to obtain review of a final decision of the Commissioner of Social Security denying his claims for a period of disability, disability insurance benefits, and supplemental security income. The Court has before it the certified administrative record and cross-motions for judgment on the pleadings.

**I. PROCEDURAL HISTORY**

In 2016, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of April 28, 2016. (Tr. 22, 241-51.)[1] The applications were denied initially and upon reconsideration. (Tr. 158-62, 166-74.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which he attended on October 25, 2018 with his attorney and a vocational expert. (Tr. 175-76, 39-93.) The ALJ then issued a decision determining that Plaintiff was not disabled from his alleged

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 9.)

onset date of April 28, 2016 until the date of his January 11, 2019 decision. (Tr. 22-33.) On September 26, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of review. (Tr. 1-3.)

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court is not whether Plaintiff is disabled but whether the finding that he is not disabled is supported by substantial evidence and based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the well-established five-step sequential analysis to ascertain whether Plaintiff is disabled, which is set forth in 20 C.F.R. §§ 404.1520 and 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ initially determined that Plaintiff met the insured status requirements through December 31, 2021. (Tr. 25.) The ALJ then determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 28, 2016. (*Id.*) The ALJ next found the following severe impairments at step two: inflammatory arthritis, degenerative disc disease, diabetes mellitus, obesity, and depressive, bipolar, and related disorders. (*Id.*)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. (*Id.*) The ALJ next set forth Plaintiff's Residual Functional Capacity ("RFC") and determined that he could perform light work except that

> he can reach overhead and in all other directions bilaterally on a frequent basis. Handling and fingering bilaterally is limited to frequent. He is limited to frequent climbing of ramps and stairs and occasional climbing of ladders, ropes, or scaffolds. Stooping, kneeling, crouching, and crawling are limited to frequent. He should have no work at unprotected heights, around moving mechanical parts, or in extreme cold. He is limited to performing simple, routine, and repetitive tasks and having frequent interactions with supervisors, coworkers, and the public.

(Tr. 27.)

At the fourth step, the ALJ determined that Plaintiff was capable of performing his past relevant work as a housekeeper. (Tr. 31.) Last, at step five, the ALJ determined in the alternative that there were other jobs in the national economy that Plaintiff could perform. (Tr. 32.) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 33.)

## IV. ISSUES AND ANALYSIS

In pertinent part, Plaintiff contends that "nothing in the RFC determination addresses [his] ability to stay on task or how long he could perform those simple, routine, repetitive tasks." (Docket Entry 15 at 9.) As a result, Plaintiff argues that the ALJ did not provide adequate justification for the lack of additional RFC limitations, in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (Docket Entry 15 at 8-11.)

In *Mascio v. Colvin*, the Fourth Circuit Court of Appeals remanded because the hypothetical the ALJ posed to the vocational expert, and the corresponding RFC assessment,

3

did not include any mental limitations other than unskilled work, despite the fact that the ALJ determined at step three that the claimant had moderate [2] difficulties in maintaining concentration, persistence, and pace ("CPP"). 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why moderate difficulties in CPP did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Beyond this, the Fourth Circuit has recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121

---

[2] The Social Security Administration has clarified that a "moderate" rating means that the individual has a "fair" ability to sustain concentration, persistence, or pace "independently, appropriately, effectively" and "on a sustained basis." *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(F)(2)(C). As explained herein, this case should be remanded for further administrative proceedings because the ALJ's decision is not susceptible to judicial review. The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling[,]" which "should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations omitted). Consequently, any argument by the Commissioner that this regulatory clarification somehow defeats Plaintiff's *Mascio* argument is unpersuasive.

(4th Cir. 2020). In *Shinaberry*, the plaintiff argued that a limitation only to simple, routine, repetitive tasks did not sufficiently account for her moderate limitations in CPP, in violation of *Mascio*. *Shinaberry*, 952 F.3d at 120-21. After discussing the plaintiff's mental limitations, and explaining the great weight given to the state agency psychological experts' and consultative psychologist's opinions, the ALJ stated that the "simple, routine, repetitive tasks" restriction "accounted" for Plaintiff's limitations. *Id.* at 121-22. The Fourth Circuit affirmed the ALJ's decision, holding that the ALJ "addressed [Plaintiff's mental limitations and] explained why the psychological evidence and [Plaintiff's] statements support [only] a mental limitation to simple, routine, repetitive tasks." *Id.* at 122.

Here, the ALJ determined at step three that Plaintiff had moderate limitations in CPP. (Tr. 26.) Specifically, the ALJ reasoned that

> [t]he claimant stated that he had memory and concentration issues because of his depression (Ex. 10E; Hearing Testimony). He completed the eighth grade, and took special education classes in school (Ex. 3E/3; Ex. 13E; Hearing Testimony). Yet, he stated that he read, watched television, used his phone, took the city bus by himself, and followed written instructions well (Ex. 10E; Hearing Testimony), activities that invariably [include] a certain degree of attention, concentration, and cognitive function. Mental status examinations reflected generally normal mood, memory, and concentration (see, e.g., Ex. 5F/24; Ex. 6F/19-20, 38-40; Ex. 11F/10). Therefore, the evidence shows moderate limitation in the claimant's ability to understand, remember, or apply information, and moderate limitation in his ability to concentrate, persist, or maintain pace.

(*Id.*)

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is

5

necessary." *See Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015). Here, the ALJ did neither.

More specifically, the ALJ did not include a limitation in the RFC assessment that accounts for Plaintiff's moderate limitations in CPP.[3] Instead, the ALJ concluded that Plaintiff "is limited to performing simple, routine, and repetitive tasks and having frequent interaction with supervisors, coworkers, and the public." (Tr. 27.) Per *Mascio*, this is not, by itself without some additional meaningful explanation, a sufficient limitation to account for moderate limitations in CPP.

Nor did the ALJ in this matter sufficiently explain why additional limitations were unnecessary to account for Plaintiff's moderate limitations in CPP. In fact, part of the ALJ's explanation in support of the mental RFC determination contains an explanation warranting not the *exclusion* of additional restrictions in the mental RFC finding, but rather their *inclusion*. Specifically, the Court is troubled by the ALJ's assessment of the non-examining state agency psychologists that evaluated the record, where the ALJ stated:

> Significant weight is given to the October 19, 2016, and April 25, 2017, opinions of the non-examining State agency psychological consultants (Ex. 2A; Ex. 4A; Ex. 6A; Ex. 8A). They opined that the claimant could understand, remember, and carry out simple instructions in a low-stress work setting. Their opinions are generally consistent with the record as a whole. Treatment records reflected some mental limitation, but showed rather normal mental status examinations overall (see, e.g., Ex. 1F/4; Ex. 5F/24; Ex. 6F/19-20, 38-40; Ex. 11F/10). The claimant was also able to perform a wide variety of activities of daily living such as using public transportation, attending church, taking care of his mother, and socializing fairly well with others (Ex. 10E; Ex.

---

[3] Nor did the ALJ include such a limitation in his hypothetical to the vocational expert. (Tr. 85-87.)

> 1F; Ex. 5F; Ex. 8F; Hearing Testimony). Therefore, significant weight is given to these opinions.

(Tr. 30.)

As forth above, the ALJ explicitly gave significant weight to the opinions of the non-examining state agency psychologists. However, there are two problems here. First, the ALJ did not accurately describe those two opinions. In an initial assessment, Dr. Bonny Gregory, M.D. concluded that Plaintiff was limited to performing short and simple tasks in a low stress, low social working environment. (Tr. 100-01, 104-05, 115.) However, upon reconsideration, Dr. Sharon J. Skoll, Ph.D. concluded that Plaintiff could perform the mental demands of unskilled work in a low production environment. (Tr. 132, 133, 137, 149-50, 154.) While the ALJ noted the low-stress limitation proposed by Dr. Gregory, the ALJ failed to acknowledge the low production environment limitation proposed by Dr. Skoll. It is therefore unclear whether the ALJ was aware of the production pace limitation set forth by Dr. Skoll.

Second, despite giving both the opinions of Drs. Gregory and Skoll significant weight, the ALJ never explained why he omitted the low stress and low production limitations from the mental RFC finding, nor did the ALJ explain why those limitations were unnecessary. Nor is the answer to this question self-evident.[4] Consequently, the Court is left to speculate as to whether the ALJ, at least in part, tacitly discounted without explanation the opinions of the

---

[4] The Court cannot determine, without undue speculation, what sort of production pace (if any) the jobs the ALJ concluded the claimant can perform here require, or whether those jobs can be described as occurring in a low stress environment. Consequently, it would also be unduly speculative for the Court to brand any error that may have occurred here as harmless. *See Bond v. Saul*, No. 1:19CV901, 2020 WL 4606412, at *6 (M.D.N.C. Aug. 11, 2020) ("Ultimately, the ALJ in conjunction with the [vocational expert] (and not the Court) must determine whether the three jobs accommodate limitations to a non-production pace, a non-rapid or semi-rapid pace, or not highly production oriented work.").

non-examining state agency psychologists on CPP after affording them significant weight, or, instead, simply forgot to include the low stress and production pace limitations in the mental RFC finding. For these reasons, the undersigned cannot properly review this case for substantial evidence. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (noting that ALJ is required to "build an accurate and logical bridge from the evidence to [the] conclusion").[5]

The Commissioner's arguments to the contrary are not persuasive. The Commissioner contends that the ALJ's decision comports with *Mascio* and *Shinaberry* by discussing Plaintiff's activities of daily living, mental status exams, and medical opinion evidence. (Docket Entry 19 at 14-16.) Thus, the Commissioner argues that the ALJ did not err (or did not materially err) because he cited evidence consistent with the ultimate mental RFC findings. In other circumstances (such as where the ALJ does not specifically omit a restriction from the RFC he earlier endorsed) this argument may indeed be persuasive. *See Shinaberry*, 952 F.3d at 121 (rejecting a challenge under *Mascio*, and finding the ALJ, by discussing the evaluations performed by the state agency psychologists and the consultative examiner, "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] . . . moderate limitations in her concentration, persistence, or pace").

Here, however, as explained, the ALJ credited with significant weight the finding of a non-examining state agency psychologist (Dr. Gregory) that Plaintiff was limited to jobs in a low-stress environment, but then omitted this restriction from the mental RFC finding. The

---

[5] *See, e.g., Martin v. Berryhill*, No. 1:16CV171, 2017 WL 728234, at *5 (M.D.N.C. Feb. 23, 2017) (concluding that remand was proper where "the Court is left to speculate as to whether the ALJ, at least in part, tacitly discounted without explanation the opinions of [the non-examining psychiatrists], or, instead, simply forgot to include the production pace limitation in the mental RFC finding").

8

ALJ also credited with significant weight the opinion of another non-examining state agency psychologist (Dr. Skoll) who concluded that Plaintiff was limited to working in a non-production environment, but also omitted that restriction from the mental RFC determination. Importantly, the ALJ also declared the opinions of these non-examining state agency psychologists to be "generally consistent with the record as a whole," including Plaintiff's mental status examinations and activities of daily living. (Tr. 30.) This appears to be an explanation that would warrant the *inclusion* of additional limitations in the mental RFC finding and not, as the Commissioner argues, an explanation for why these additional limitations were *excluded*.[6]

Consequently, the Court concludes that remand is proper so that the ALJ may build a logical bridge between the evidence of record and his conclusions. *Mascio*, 780 F.3d at 638 ("Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity . . . [b]ut because the ALJ here gave no explanation, a remand is in order.").

---

[6] It is true that "[a]n ALJ is not required to adopt every opinion in a non-examining medical expert's report, even when according the report great weight overall." *See Bacnik v. Colvin*, No. 1:12-CV-801, 2014 WL 3547387, at *4 n.7 (M.D.N.C. July 17, 2014). Nevertheless, where an ALJ does decide to give great or significant weight to such an opinion, but then omits a restriction from that opinion from the RFC, the Court must be able to determine *why* the restriction was omitted, in order to engage in substantial evidence review. *See, e.g.*, *Bond*, 2020 WL 4606412, at *5 ("[W]hen an ALJ does not include certain limitations in the RFC from a source given significant weight, the reviewing court must remain able to ascertain from the ALJ's decision *why* the ALJ omitted those limitations. *See, e.g.*, *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) ("We have held that '[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and *why* . . . .'" (emphasis added) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013))) . . . . The ALJ's decision here lacks any explanation for the omission of restrictions on pace and job assignment stability from the RFC."). Because the Court cannot determine why the ALJ omitted restrictions from the mental RFC finding that were contained in the only opinion related to Plaintiff's mental health that the ALJ gave significant weight, remand for additional administrative proceedings is in order.

9

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that matter. Nevertheless, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. The Court declines consideration of the additional issues raised by Plaintiff at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763-64, 771 n.3 (W.D. Va. 2002) (on remand, the prior decision is of no preclusive effect, as it is vacated and the new hearing is conducted).

## V. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings (Docket Entry 18) should be **DENIED**, and Plaintiff's Motion for Judgement on the Pleadings (Docket Entry 13) should be **GRANTED**. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

September 21, 2020